JOHN C. McNEES, Plaintiff in Error, v. JAMES SWANEY AND JOHN G. HAYDEN, Defendants in Error.

1. *Mortgages and deeds of trust — Mortgage with power of sale — Purchase by mortgagee at his own sale — Equity of redemption.* — The principle is well established that when a power of sale is contained in a mortgage, and a sale made by virtue of such power, and the mortgagee becomes the purchaser, the equity of redemption still subsists and attaches to the property in favor of the mortgagor; and if at such sale the mortgagee acquires the title through the agency of a third person, the title will not be in anywise altered, but the right of the mortgagor will remain the same.

2. *Mortgages and deeds of trust — Conditional sale — Agreement as to time of sale — Equity of redemption.* — Where A., being indebted to B., made a mortgage with power of sale to B. to secure the debt, and at maturity A. was unable to pay, and on account of extraneous circumstances it was considered by both that the matter would be more secure if the mortgaged property was sold and the title vested in B.; and it was thereupon agreed that B., the mortgagee under the power, should sell the premises, and that C. should buy them in, and immediately convey to B., and that A. should have one year in which to pay the debt, and again obtain title to the property, and meanwhile should remain in possession, pay the taxes and have the use of the property; *held,* that the sale was not intended to and did not destroy A.'s equity of redemption.   The purchase by C. was, in effect, a purchase by B., and B. therefore, being a purchaser at his own sale, the law gave A. the right to redeem, and the agreement did not in any way impair the respective rights of the parties.   Such a transaction had none of the elements of a conditional sale.   B. did not stand in the position of a person holding the absolute title and agreeing to convey upon certain conditions.   He promised the naked legal title, while the equity was in A.

3. *Mortgages and deeds of trust.— Equity of redemption — Estoppel—Silence of party claiming interest.—* Where a party claiming an interest in land lies by for a great number of years and sees it enhanced in value and improved by the labor and expenditures of others, the courts will not listen favorably to his demands; and where the person claiming the interest was a mortgagee of the property, and had acquired the interest by a purchase at his own sale, and there is not such want of diligence in the mortgagor as would work a forfeiture by lapse of time, and the mortgagor has not apprehended that he is in danger of losing his property and has been lulled into security by the representations of the mortgagee, the equity of redemption still continues, and the sale does not vest the absolute title in the mortgagee.   .   . :

McNees v. Swaney et al.

*Error to Kansas City Court of Common Pleas.*

*Sheffield* and *Slavens,* for plaintiff in error.

I. The purchase by a mortgagee with power of sale at his own sale, through a third person, does not change the relation of the parties. (Mapps v. Sharpe, 32 Ill. 13 ; Benham v. Rowe, 2 Cal. 387 ; Moore v. Titman, 44 Ill. 368 ; Eaton v. Whiting, 3 Pick. 490 ; Thornton v. Irwin, 43 Mo. 153.) The mortgagee in such case will still hold the title as security for his debt. The mortgagor's only remedy is a bill to redeem, offering to pay the amount found or admitted to be due. (Goldsmith v. Osborne, 1 Edw. Ch. 560 ; Schwarz v. Sears, 1 Walk. Ch. 170 ; Russell v. Southard, 12 How., U. S., 139.)

II. Although a mortgagor may sell and convey his equity of redemption to the mortgagee, if he does so in embarrassed circumstances and under pressure, for a price considerably below its value, the transaction is looked upon with great jealousy. (Baugher v. Merryman, 32 Md. 185 ; Sheckel v. Hopkins, 2 Md. Ch. 90 ; Dougherty v. McColgan, 6 Gill & J. 275 ; Conway v. Alexander, 7 Cranch, 218.)

*W. B. Napton,* for plaintiff in error.

I. Upon the face of the documentary title, this case stands, under the decision of the court in Thornton v. Irwin, 43 Mo. 153, as still a mortgage, notwithstanding the sale by the mortgagee and the purchase by the mortgagee at that sale, through the interposition of Hayden, the crier. (Howards v. Davis, 6 Tex. 174.)

II. Courts of equity view transactions between mortgagor and mortgagee with distrust, and require the clearest proof of a mutual understanding of the contract, and an entire absence of all imposition on the debtor, the mortgagor. (Baugher v. Merryman, 32 Md. 185 ; Conway v. Alexander, 7 Cranch, 218.)

*M. D. Trefren* and *F. M. Black,* for defendants in error.

I. A trustee may purchase the trust property from the *cestui que trust,* and if the purchase is free from fraud it is valid, and not even voidable. A mortgagee, with power of sale, is both

trustee and *cestui que trust*, and may become the purchaser of the mortgaged property, with the consent and approval of the mortgagor. (Medsker v. Swaney, 45 Mo. 274; 6 Tex. 174; 4 Seld. 216; 14 Verm. 272; 5 Ala. 428; 1 Pet. 145; 1 Hill on Mortg. 142.)

II. In determining whether a transaction is a mortgage or a conditional sale, the intention and the understanding of the parties at the time should be ascertained and must control. If a mortgage on the one hand, there must be a debt on the other, capable of being enforced either *in rem* or *in personam*. There must be a debt on the one side and a corresponding obligation to pay on the other. If there is no such continuing indebtedness, and the party have the privilege of refunding if he please, and thereby entitle himself to a reconveyance, the transaction is a conditional sale. (Brant v. Robertson, 16 Mo. 143; Slowey v. McMurray, 27 Mo. 115; Turner v. Kerr, 44 Mo. 431; Robinson v. Cropsey, 2 Edw. Ch. 138; Holmes v. Grant, 8 Paige, 258.) A purchase by a strict trustee of the trust property is valid and not even voidable, when made with the knowledge and consent of the *cestui que trust*. (11 Ga. 77; 10 Ohio, 117; 7 Sm. & M. 410.)

WAGNER, Judge, delivered the opinion of the court.

The real question underlying this case is whether, after the sale of the mortgaged premises, the mortgagor, who is the plaintiff here, still retained the right of redemption. The principle is, I think, well established that when a power of sale is contained in a mortgage, and a sale made by virtue of such power, and the mortgagee becomes the purchaser, the equity of redemption still subsists and attaches to the property in favor of the mortgagor. And if at such sale the mortgagee acquires the title through the agency of a third person, the title will not be in anywise altered, and the rights of the mortgagor will remain the same. It is not disputed that parties have the right to agree upon the terms of a power of sale of mortgaged premises, and where the sale takes place upon such terms as the parties were competent to agree upon, and is faithfully and fairly executed, courts will not interfere. (Dobson v. Racey, 4 Seld. 216; Elliott v. Wood, 45

N. Y. 71.)   But there is less danger of oppression and abuse of the creditor in agreeing upon the conditions of the security and the power of sale at the time of giving the mortgage, when the mortgagor is free to act as his interest and judgment prompt, than after the relation of mortgagee and mortgagor has been created, and the debt has become due, as the latter is then in a greater or less degree in the power and at the mercy of the creditor.   An examination of all the facts in this case makes it perfectly clear to my mind that the sale of the mortgaged premises was not intended to and did not destroy the equity of redemption in the mortgagor.   The country was in an unsettled condition, both of the parties were apprehensive that they would have to leave Kansas City, and in fact they did leave in a short time thereafter; and they labored under the impression that by selling the property and having the title vested in the mortgagee, the matter would be more secure.   This was the view entertained by them, which resulted in the arrangement under which the property was sold.   McNees, the mortgagor, was unable at that time to pay the debt; and there were no sales of property, and Swaney wanted to be secure.   It was then agreed that Swaney, the mortgagee under the power, should sell the premises, that they should be bid in by Hayden at the amount of the principal debt and interest, and that Hayden should immediately convey the same to Swaney; and that McNees should have one year within which to pay off the debt, and again obtain title to the property.   A further part of the agreement was that McNees was to remain in possession, pay the taxes and have the use of the property.   I have said that one year was the time limited in which McNees was to have the privilege of paying the debt and regaining the title, though upon this point there is a conflict in the testimony; Swaney asserting that the limitation prescribed was one year, and McNees saying that the understanding was that he was to have a reasonable time.   The purchase by Hayden at the mortgagee's sale was, in effect, a purchase by Swaney himself.   McNees continued in possession by his tenant until, in his absence, Swaney induced the tenant to attorn to him; and thereafter exercised ownership over the property, and finally claimed that it was absolutely his.

About this transaction there were none of the characteristics of a conditional sale. Swaney did not stand in the attitude of a person holding the absolute title, agreeing to convey upon certain conditions, but he possessed the naked legal title, while the equity was in McNees. As Swaney, the mortgagee, purchased at his own sale, the law gave McNees the equity of redemption, and the agreement between the parties did not in any way impair or vary their respective rights.

Now, conceding that the understanding was that McNees was to redeem within one year from the date of the sale, will his neglect to do so cause a forfeiture of his rights? Upon the testimony disclosed here, I think not. Where a party claiming an interest in land lies by for a great number of years, and sees it enhanced in value and improved by the labor and expenditure of others, the courts will not listen favorably to his demands. But it is always proper to consider the situation of the parties and all the surrounding circumstances. Shortly after the sale was made, McNees and Swaney both left Kansas City on account of the war then raging. It is obvious that neither party had an idea at that time that anything could be done with the property. Swaney advised McNees not to try to sell the property to pay the debt, as he could not get anything like its value, and at the same time made assurances that the land was his, and that all he wanted was his money. But before the expiration of the year Swaney deeded this land, together with others, to one Collins, of Indiana; he alleges, however, that the deed was not placed on record till after the year had expired. This deed he says was voluntary, and made "to protect the property from the United States army." When the title was vested in Collins, McNees could not proceed, and Swaney in a short time left his home and stayed in the territories until 1865. After his return home Collins conveyed the property back to him, and at the first term of court thereafter this suit was brought.

Under all these circumstances there was no such want of diligence as would work a forfeiture of McNees' rights on account of lapse of time. We do not think it was competent to bar the equity of redemption by the restriction of one year, and the evi-

dence leaves it doubtful whether any such restriction was ever contemplated or agreed upon by the parties.

The relation of mortgagor and mortgagee existed at the time of the sale and the execution of the deed, and the transaction must be viewed with distrust and scrutinized with rigor before it can be allowed that the equity of redemption was extinguished and converted into an absolute title. In such cases the leaning of the courts is always in favor of holding that the mortgage continues. That McNees did not apprehend that he was in any danger of losing his property, and that he was lulled into security by the representations of Swaney, I think is abundantly shown by the testimony.

Upon the whole case as made by the bill of exceptions, we are still at liberty to hold the equity of redemption as continuing, and to decide that the sale and conveyance did not vest the absolute title in the mortgagee. The judgment must therefore be reversed and the cause remanded, with directions to the court below to enter up a decree in conformity with the stated account agreed upon by the parties. The other judges concur.