(5 Misc. Rep. 164.)

## RODGERS et al. v. EARLE.

(Superior Court of New York City, Special Term. September, 1893.)

SUMMARY PROCEEDINGS—EQUITABLE DEFENSES—AFFIRMATIVE RELIEF.

Code Civil Proc. § 2244, as amended in 1893, authorizing a tenant in summary proceedings to plead any defense, legal or equitable, does not authorize the district court of New York city, in which such proceedings are brought, to give the tenant affirmative equitable relief, because, being a court of limited jurisdiction, without equitable powers, its jurisdiction cannot be extended by implication; and therefore, where the tenant seeks a rescission of his contract with his landlord, under which the summary proceedings are brought, he must sue in a court having general equity jurisdiction.

Action by James H. Rodgers and others against Ferdinand P. Earle for rescission of certain contracts, and for other relief. Plaintiff moves to continue an injunction granted pendente lite. Granted.

T. E. Stewart and E. H. Benn, for the motion.

R. Davidson and I. L. Miller, opposed

McADAM, J. The defendant, who is the lessee from the Lorillard estate of the property known as "Earle's Hotel," made an underlease to the plaintiffs for a term commencing February, 1893, and ending May 1, 1899, when the first term of the defendant's lease from the Lorillards will expire. The plaintiffs, at the same time, purchased certain furniture and fixtures in the hotel for $25,000, in addition to the rental agreed to be paid, which is $24,000 a year; and the defendant, at the expiration of the term, is to transfer the ground lease to the plaintiffs, so that they may procure the renewal thereof from the ground landlord. The lease from the Lorillards requires the defendant to pay all taxes and assessments upon the property, and in the event of nonpayment the rights of the lessees are liable to forfeiture. It appears that the defendant, to induce the plaintiffs to enter into the contracts aforesaid, represented that all the taxes had been paid, a representation which subsequently proved untrue, as it appeared on examination that the taxes were unpaid for the years 1889, 1890, 1891, and 1892, and aggregated over $15,000. This impairs the plaintiffs' estate to that extent, as well as rendering it liable to forfeiture whenever the Lorillards seek to enforce their right thereto. The plaintiffs have therefore filed their bill in equity for the recission of the contracts, the annulment thereof, and, besides other incidental relief, they ask that certain summary proceedings instituted by the defendant as landlord be enjoined until the determination of the action. Becker v. Church, 115 N. Y. 562, 22 N. E. Rep. 748, is precisely such a case, and is authority for the injunctive relief prayed for. That, like this, was a suit in equity by a tenant to annul a lease, and the court held that he was entitled to an injunction restraining the landlord from prosecuting summary proceedings during the pendency of the action. Indeed, by the lease itself, the defendant made

his right to institute summary proceedings dependent on his compliance with all the terms of the Lorillard lease, and parties may, it seems, stipulate away their rights and remedies. In re New York, L. & W. R. Co., 98 N. Y. 452, 453; Vose v. Cockcroft, 44 N. Y. 415, 423, 424; Elliot v. Wood, 45 N. Y. 71. The case presented is, by the allegations and proofs, brought within the rule that an injunction may issue where the defense is of an equitable character which the court entertaining the proceeding cannot administer to meet all exigencies and requirements. Balloton v. Seignett, 2 Abb. Pr. 121; McIntyre v. Hernandez, 7 Abb. Pr. (N. S.) 214. See, also, Railway Co. v. Ramsey, 45 N. Y., at page 647. The statute respecting summary proceedings, in effect, establishes the same rule, by declaring that they may be stayed by injunction where a similar stay would be granted in an action of ejectment, (Code, § 2265,) and such a stay was always allowable in cases of equitable defenses not available in a common-law action, (High, Inj. § 63; Hil. Inj. [3d Ed.] p. 660, § 4.) But the defendant contends that all this has been changed by the amendment to section 2244 of the Code, passed in 1893, whereby a tenant is authorized to plead to a summary proceeding any defense, legal or equitable. True, the amendment does so provide, and if the plaintiffs can obtain all the relief they require by means of such a defense they require no aid from a court of equity. But the amendment serves no such purpose. The power conferred must be considered with reference to the limited jurisdiction to which it is attached, and, so construed, it affects the procedure, only, by enlarging the number of defenses which a tenant may interpose to protect his possession. It confers no equity jurisdiction upon the courts enumerated.

District courts are of statutory creation, and their jurisdiction must not depend upon inference or intendment, but must be expressly conferred. Even the form of judgment therein is prescribed, and this whether the proceeding is tried by the court with or without a jury. There is no provision for special verdicts or findings by the court or jury, and nothing authorizing a decree adjusting and enforcing equities between parties. The equitable defense or counterclaim contemplated by the amendment of 1893 is evidently one which goes to defeat the proceeding, in whole or part. The power conferred stops there, and goes no further. This will not furnish the relief the plaintiffs require, which is of an affirmative character, extending beyond that which the district court may administer, and which no tribunal but a court of equity can grant. In such a case, it must be evident that the aggrieved party may, instead of seeking relief on the installment plan,—part in the district court, and part elsewhere,—invoke the aid of a court of equity at once, and dispose of the entire contention in one proceeding. Where power to entertain equitable defenses or counterclaims is conferred upon courts of law, it is necessary, in order to determine the measure of power conferred, to inquire whether the court is already possessed of equity jurisdiction, for in such instances the meaning is that such power is to be applied in aid of

the defense or counterclaim, that all questions may be determined by the same judgment; but, if the court upon which the power is conferred has no equity jurisdiction, then the power must, in the nature of things, be limited wholly to defensive purposes, and is available only so far as may be necessary to make the same effective. It is to be used as a shield, not as a sword. Interposing an equitable defense does not turn an action or proceeding into an equitable one. Webster v. Bond, 9 Hun, 437.

The amendment of 1893 never contemplated that the jurisdiction of the old court of chancery should attach to inferior jurisdictions to the extent of enabling them to grant under the title of "equitable defenses or counterclaims" affirmative equitable relief of the nature afforded by a cross bill or otherwise. It merely designed that certain minor matters, formerly the subject of a bill in equity, might, without that formality, at the option of the tenant, be used by him to defeat the summary remedy. Indeed, the act may be broad enough to defeat an injunction where the power conferred is adequate to answer all possible requirements, but where, as in this case, further relief of an affirmative character is needed, jurisdiction now as formerly may be invoked. This power existed in courts of equity long before the amendment of 1893, and continues notwithstanding it. Railway Co. v. Ramsey, 45 N. Y., at page 649; Popfinger v. Yutte, 102 N. Y. 38, 6 N. E. Rep. 259; Shepard v. Railroad Co., 131 N. Y. 215, 30 N. E. Rep. 187. Although it was intended that district courts might, within the scope and in the exercise of their limited jurisdiction, consider equitable as well as legal defenses, their powers were not otherwise extended by express enactment, and cannot be by implication or intendment. These courts have neither the machinery nor procedure essential to the exercise of that system of jurisprudence which was exercised and perfected by the old court of chancery, which had no restraint upon it, but certain settled rules, and the conscience of the chancellor. The case of Capet v. Parker, 3 Sandf. 662, serves to illustrate the principle sought to be applied. There the tenant, after the tenancy had commenced, contracted to purchase the property. The landlord failed to convey, and instituted summary proceedings to remove the tenant, on the ground of holding over. The tenant thereupon filed a bill for specific performance of his contract of purchase, and this court enjoined the prosecution of the summary proceeding upon the ground that there were equities involved which the justice entertaining the summary proceeding had no jurisdiction to determine. It is clear that even the amendment of 1893, in regard to equitable defenses or counterclaims, would not give the tenant, in such a case, the relief he required. The inferior court could not, under that amendment, decree or enforce specific performance against the landlord. The most it could do would be to find for the tenant on equitable grounds, leaving either party to seek the necessary substantial relief in a court having equity jurisdiction. Two trials would be made necessary, instead of one. Equity abhors a multiplicity of suits, and will enjoin against them when it can.

Under the circumstances, the rule enforced in Becker v. Church, supra, must be applied, and the injunction continued, with $10 costs, to abide the event.