### RICHARDS et al v. LITTELL.

(City Court of New York, General Term.    March 19, 1895.)

CITY COURT OF NEW YORK—JURISDICTION—EQUITABLE COUNTERCLAIM.
    In an action in the city court of New York for use and occupation of premises, the court has no jurisdiction of a counterclaim for specific performance of a contract by plaintiff to sell defendant the premises, as the city court has no equity jurisdiction.

Appeal from trial term.
Action by William W. Richards and others against Cortland B. Littell for use and occupation.    From an interlocutory judgment overruling a demurrer to a counterclaim set up in the answer, plaintiffs appeal.    Reversed.
    Argued before EHRLICH, C. J., and NEWBURGER, J.

E. Huerstel, for appellants.
M. C. Ernsberger, for respondent.

EHRLICH, C. J.    The action is to recover for the use and occupation of certain premises by the defendant, as plaintiffs' tenant. The defendant, in his answer, admitted the use and occupation of the premises, but denied the other allegations of the complaint, evidently intending to put in issue the fact of tenancy.    He then pleaded, by way of counterclaim, that the plaintiffs entered into a contract with him whereby they agreed to convey to him the property in question on certain terms and conditions, and demanded, by way of relief, that the court decree specific performance of the contract.    Plaintiffs demurred to this, on the ground that the court had not jurisdiction to grant the relief claimed.    The court below overruled the demurrer, and granted an interlocutory judgment against plaintiffs for the relief demanded, to wit, that the plaintiffs execute and deliver to the defendant a good and sufficient deed for the conveyance of the premises described in the complaint, etc.   This the court had no power to do.    The city court has no equity jurisdiction, and, while equitable defenses may be interposed, they are permitted for defensive, not affirmative, purposes. Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913.    The denial in the answer sufficiently raised the issue of tenancy, and the relief demanded was of that affirmative character which a court of equity alone could grant.    It follows that the interlocutory judgment must be reversed, and the demurrer sustained, with costs.