(25 Misc. Rep. 753.)

### GARRIE v. SCHMIDT et al.

(Supreme Court, Appellate Term. January 23, 1899.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—EQUITABLE DEFENSES.

A defense to a summary proceeding to remove a tenant, that the landlord's interest was not that of owner, but of an equitable mortgagee, and that the tenant, a former owner of the fee, was entitled to a conveyance on the payment of a certain sum by way of redemption, is not cognizable in the municipal court, since its jurisdiction to entertain equitable defenses is limited to cases where the defense is of a nature cognizable in a court of law, and not calling for the exercise of jurisdiction peculiar to a court of equity.

2. SAME.

A summary proceeding to remove a tenant was based on the ground that the tenant had held over for three months after the termination of the lease given to the tenant by the landlord's predecessor in title. The tenant, in his answer, admitted the fact of possession, but denied the other allegations. · *Held* not to warrant a final order for the landlord on the pleadings, since the general denial includes the existence of the lease.

3. SAME—ADMISSIONS IN PLEADINGS.

An answer, in summary proceedings, containing a general denial, but setting up the lease as a part of a separate defense, is not, as a matter of pleading, an admission of the existence of the lease, so as to relieve the landlord from proof thereof.

4. SAME.

A party cannot avail himself of the confessing allegations of a pleading by the other party, as a matter of pleading, without taking as true the, entire matter of the particular alleged defense.

5. ADMISSIONS—PLEADINGS—CONCLUSIVENESS.

An admission in a separate defense of confession and avoidance, if introduced in evidence, may be explained.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Summary proceedings by Daniel T. Garrie against Catherine Schmidt and another. From a final order in favor of the landlord, on the pleadings, the tenant Schmidt appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Robert H. Gignoux, for appellant.
A. J. Skinner, for respondent.

GIEGERICH, J. These proceedings were brought for the removal of the above-named tenant and undertenant, respectively, from the premises known as "No. 561 West 182d Street," in the borough of Manhattan, upon the ground that they held over after the expiration of the term of a lease for three months, made to the former by the landlord's predecessor in title. The tenant alone defended, and her amended answer, while admitting the fact of possession, denied all the other allegations of the petition. For a separate defense, it was alleged that the petitioner's interest in the premises was not that of an owner, but, equitably, of a mortgagee; and that she (the tenant), a former holder of the fee, was entitled to a conveyance of the property upon payment of a certain sum by way of redemption. In the course of the allegations of this defense, the fact that the tenant had entered into possession under the lease pleaded by the petition was set up, and the justice thereupon made a final order in favor of the landlord; holding that the affirmative defense could not be entertained, because proceeding for equitable relief, and that the admission of possession by virtue of the lease, as set forth in the separate defense, concluded the question of holding over, and completed the landlord's case.

It would seem that the ruling against the admissibility of the defense was correct, since there was no dispute as to the regularity of the landlord's legal title, and the tenant's success could only result from the court's affirmative finding that the title rested in her; that the petitioner's deed, although a conveyance in law, was equitably a mortgage; and that the tenant was entitled to a conveyance upon making a payment such as was tendered. Thus, the tenant sought actual equitable relief, and this was beyond the power of the court below to afford; its jurisdiction to entertain equitable defenses being limited to cases where the defense is of a nature cognizable in a court of law, and not calling for the exercise of jurisdiction peculiar to a court of equity. Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913; Constant v. Barrett, 13 Misc. Rep. 249, 34 N. Y. Supp. 163; Bien v. Bixby, 18 Misc. Rep. 415, 41 N. Y. Supp. 433; Hattersley v. Cronyn, 22 Misc. Rep. 259, 49 N. Y. Supp. 1113.

But, conceding the propriety of the conclusion reached by the justice so far, still the case was improperly disposed of upon the pleadings, since there was an issue as to the nature of the tenant's possession, raised by the general denial; and the allegations of the answer, touching the existence of the lease, did not make the petitioner's case complete. The tenant set up the lease as a part of the separate defense, and therefore the allegation did not operate to aid the petition, in the face of the general denial (Balmford v. Lodge, 19 Misc. Rep.

1, 42 N. Y. Supp. 881; Fox v. Held, 24 Misc. Rep. 184, 52 N. Y. Supp. 724); and, as an admission, this allegation was not conclusive, in any event, unless the whole defense were admitted for the pur-. poses of the pleading, and the tenant could still give proof in explanation of the admission (Young v. Katz, 22 App. Div. 542, 48 N. Y: Supp. 187). Accordingly, the final order must be reversed; but, in view of the fact that no probability of the tenant's success upon a new trial is apparent, a motion for restitution should not be entertained.

The final order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.