## MUSKOGEE INDUSTRIAL DEVELOPMENT CO. v. AYRES.

No. 5275.    Opinion Filed February 1, 1916.

(154 Pac. 1170.)

1.  **CONSTITUTIONAL LAW—Abrogation of Statute by Constitution.**
    Art. 6, c. 20, Comp. Laws 1909, was abrogated by sec. 39, art. 9
    of the Constitution, and after the adoption of the Constitution
    the provisions of the aforesaid statutes were not in force in this
    state.

2.  **CORPORATIONS — Subscription Contract — Right of Action —
    Cumulative Remedies.** The provisions of the statutes named with
    reference to forfeiture and sale of stock to pay the subscriptions,
    even if in force, are cumulative.

(Syllabus by Hooker, C.)

*Error from Superior Court, Muskogee County;
N. B. Maxey, Special Judge.*

Action by the Muskogee Industrial Development Company, a corporation, against C. C. Ayres. Judgment for defendant, and plaintiff brings error. Reversed.

*John H. Mosier, Ezra Brainerd,* and *Wm. H. Davis,* for plaintiff in error.

*W. C. Franklin* and *P. J. Carey,* for defendant in error.

Opinion by HOOKER, C. This suit was instituted by the plaintiff in error against the defendant in error to recover a judgment upon a subscription contract made on the 20th day of September, 1910, whereby the defendant in error subscribed for three shares of the capital stock of the Muskogee Industrial Development Company, and agreed to pay therefor the sum of $300. The subscription under the terms of the contract was binding

when $300,000 had been subscribed to the capital stock, and the same was payable in such manner and on such terms as the board of directors directed, and subject to the limitation that no more than 10 per cent. of the subscription should be demanded in any thirty days. The defendant relied upon the failure of the company to comply with article 6 of chapter 20 of the Comp. Laws 1909 in bar of any recovery herein, and contended that by reason of the failure of the company to levy assessments in the manner and form as stated in the 1909 law no recovery could be had in this action. At the conclusion of the evidence in this case the court rendered a judgment for the defendant in error, to reverse which an appeal is had to this court.

It is contended by the defendant in error that article 6, c. 20, of the Comp. Laws 1909, is the sole and exclusive manner by which a corporation may collect subscriptions due it, and that, if it fails to comply with the provisions of the statute, it is not entiled to institute a suit upon its subscription contract in order to enforce the payment thereof. By an examination of said statute it appears that the various sections of said article were brought from the Statutes of 1893, and that section 1312 authorizes a corporation, after one-fourth of its capital stock has been subscribed, for the purpose of paying expenses, etc., to levy and collect assessments upon the subscribed capital stock in the manner and form and to the extent provided in this chapter. Section 1313 limits the assessments to ten per cent., except in certain cases therein provided: (1) Where the capital stock has not been paid, and the corporation is unable to meet its liabilities or to pay its creditors, the assessment may be

made for the full amount unpaid upon the capital stock, or, if a less amount is sufficient, it may be for such percentage as will raise that amount. (The other two excepted cases have no application to the case at bar, and are not copied.) Section 1314 provides that no assessment must be levied while any portion of a previous one remains unpaid, unless: (1) The power of the corporation has been exercised in accordance with the provisions of this article for the purpose of collecting such previous assessment; (2) or the collection of the previous assessment has been enjoined; or (3) the assessment falls within the provisions of either the first, second, or third subdivision of section 1313. And section 1315 provides that the order for the levying of assessments must specify the amount thereof, when, to whom, and where payable, fixing a day subsequent to the full term of publication of the assessment notice on which the unpaid assessment shall be delinquent, not less than 30 days nor more than 60 days from the time of making the order levying the assessment, and the time for the sale of the delinquent stock, not less than 15 days nor more than 60 days from the day the stock is declared delinquent. Section 1316 prescribes the form of notice. Section 1317 designates the manner of service of the notice. Section 1318 directs that, if any portion of the assessment mentioned in the notice remains unpaid on the day specified therefor for declaring the stock delinquent, the secretary shall publish a notice, designating the form. Section 1319 provides the contents of the notice. Section 1320 directs the publication of the notice. Section 1321 defines the effect of the publication. Section 1322 provides for the manner of sale. Section 1323 defines the meaning of the word "bidder," etc. That this statute was in

force in this state when the Constitution was adopted must be admitted, and the question for us to determine is whether section 39 of article 9 of the Constitution of Oklahoma, which provides as follows:

"No corporation shall issue stock except for money and labor done, or property actually received, and the amount of the par value thereof. All fictitious increase of stock or indebtedness shall be void, and the Legislature shall prescribe the necessary regulations to prevent the issue of fictitious stock or indebtedness"

—supersedes the provisions of article 6 of chapter 20 of Compiled Laws of Oklahoma aforesaid. It must be admitted that the intention of this constitutional provision was to restrict the issuing of stock by the corporation unless its equivalent in money, labor, or property was received by it, as was expressed by this court in the case of *Webster v. Webster Ref. Co.*, 36 Okla. 168, 128 Pac. 261, 47 L. R. A. (N. S.) 697.

By an examination of article 6, c. 20, quoted above, it is apparent that there was no such limitation upon corporations, and that this statute had in view and in contemplation the authority of corporations to issue stock under conditions which are prohibited by the section of the Constitution above quoted. When we consider this article of the statute, together with certain provisions of article 2 of the same statute, it is clear to our mind that the statute law of the territory above quoted gave to corporations certain rights with reference to the issuing of stock which are denied to it by the provisions of the Constitution above quoted, and, inasmuch as the Constitution is the controlling law upon this question and supersedes all laws of the Territory of Oklahoma in conflict therewith, we must hold that the provisions of

chapter 6, art. 20, were abrogated by the Constitution, and at its adoption the statute ceased to be the law in the State of Oklahoma, and it necessarily follows that, if the statutes are in conflict with the Constitution, and have been superseded by it, the provisions thereof cannot be relied upon by the defendant in error in bar of the contract sued upon in this case.

It is also urged by the defendant in error that, where the statutes of the state afford a remedy to the corporations for enforcing their subscriptions to capital stock, and provide for a forfeiture and sale of said stock to pay the same, the statutory remedy is excluisve, and that the corporation cannot resort to an action at law to collect its subscription. This theory of the defendant in error cannot be sustained by the authorities; for practically all of the courts hold that, even where the contract for subscription does not contain an express promise to pay, an implied promise is inferred, and that an action can be maintained thereon, and that the statutory remedy thereof for the forfeiture and sale of the stock is merely cumulative. Those courts holding to the contrary have established what is known as the New England doctrine; yet a majority of the states refused to follow the same, and all of the states, including those where the New England doctrine prevails, hold that, where the contract contains an express promise to pay, as in the instant case, an action can be maintained thereon, although the statute may confer upon the corporation a right to a forfeiture and sale of its stock, in the event the same is not paid by the subscriber. See 10 Cyc. 503, and the authorities there cited; also Century Dig. vol. 12, par. 390, 391.

Having reached the conclusions stated above, we are of the opinion that the statutes in question are not in force in the State of Oklahoma, and that the Constitution is the supreme law dealing with that subject-matter (in this connection it may not be amiss to say that the compilers of the 1910 Revised Laws omitted chapter 6 of article 20 of the Laws of 1909, with the statement that the same was in conflict with the Constitution), and that the plaintiff in error is entitled to maintain its suit to collect its subscriptions independent of the statutory provisions for forfeiture and sale.

We recommend that the judgment of the lower court be reversed, and a new trial granted.

By the Court: It is so ordered.