## MID-CO CASOLINE CO. v. BACK.

No. 12005—Opinion Filed July 31, 1923.

(Syllabus.)

**1. Appeal and Error—Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

**2. Same — Damages to Land from Crude Oil.**

Record examined, and held, there is competent evidence reasonably tending to support the verdict of the jury.

**3. Damages — Damage to Realty—Measure—Instructions.**

Although the source of plaintiff's damages may be susceptible of remedy or abatement, a requested instruction limiting the amount of the plaintiff's recovery to such damage as has accrued on account of the impaired or lost use of his property up to the time of the suit is properly refused by the trial court in the absence of any evidence that the injury complained of is susceptible of remedy or abatement.

**4. Evidence—Oral Admissions by Attorney at Trial.**

An oral admission of a material fact made by an attorney in reply to a question of the court during trial, if distinct and formal, and made for the purpose of waiving some portion of the plaintiff's cause of action, is a solemn admission and conclusive upon the party making such admission. Where, however, the so-called admission is not distinct and formal, but equivocal and of doubtful meaning, and where there immediately follows the making of the so-called admission, the further statement of counsel which conflicts with said admission and the further statement that he relies on the theory of his petition, held, said admission was made improvidently and by mistake, and the trial court did not err in permitting the attorney to withdraw same.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by Joseph W. Back against the Mid-Co Gasoline Company, a corporation, for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Ligon & Fair and W. M. Bowles, for plaintiff in error.

P. W. Cress, for defendant in error.

MASON, J. In this action the defendant in error, hereinafter called the plaintiff, recovered a judgment in the court below against the plaintiff in error, hereinafter called the defendant, for damages to his land, resulting from the carelessness and negligence of the defendant in permitting crude petroleum to escape and overflow the lands of the plaintiff.

For reversal, the plaintiff in error has assigned several specifications of error, only three of which we will consider, for the reason that the others are not presented in the brief of plaintiff in error and have been abandoned.

It is first contended by the plaintiff in error that neither the land nor the trees in question were damaged, and the verdict of the jury is contrary to the evidence. The evidence in the case discloses substantially the following state of facts:

That the plaintiff was the owner of a tract of land with trees and alfalfa crop growing thereon, and that the defendant owned certain oil tanks located on an adjoining farm to the north of and higher than that of the plaintiff's; that sometime during the month of August, 1918, the defendant permitted said tanks to overflow, and that, by reason thereof, a large amount of crude oil ran down the hill from said tanks over the lands of the plaintiff and into a branch or a small stream on the land of the plaintiff; that thereafter, during the month of December, a great snow fell and when the same began to melt a portion of the lands of the plaintiff were flooded.

The testimony of the witnesses on behalf of the plaintiff was to the effect that the oil which had escaped from the tanks of the defendant, and which was still in the branch and lower portions of the lands of the plaintiff, was spread over said lands by the high water caused by the melting snow and caused the damage as alleged by the plaintiff.

The witness, Carl Wells, on behalf of plaintiff, testified that about nine acres of alfalfa land had been killed by the oil. The plaintiff testified that previous to said overflow of his alfalfa land he had a good stand of alfalfa, and that the average yield was four to five tons per acre; that during the high waters the oil-charged water had covered his bottom land, and that about five acres of said alfalfa was killed at once, and that later, by reason thereof, more of it was ruined, and that at the time of the trial about 15 acres were practically "gone," and at that time the evidence of the oil was still on the land and that no vegetation would grow thereon.

Ray Henry, another witness for the plaintiff, who had cut the alfalfa on two different occasions, testified that the stand of alfalfa prior to the overflow had been fine; that afterwards there was so much oil on the land that "he wouldn't want to make a living farming that kind of ground."

Harry Wilkins testified that previous to the flood the plaintiff had a fine stand of afalfa and that after the overflow of said lands he had seen the oil on the dead stocks of the alfalfa and on the ground, and that there were some chunks of oil large enough that they could have been used to grease a wagon.

George Foster and J. E. Waltermire, two witnesses for the defendant, testified that shortly after the big snow, above referred to, they visited the land in question and made a thorough investigation and found that the plaintiff had sustained no damages either to the land or the growing alfalfa. There were several other witnesses who testified for each of the parties to substantially the same effect as the evidence above set forth.

Although there was a sharp conflict in the evidence and the contentions of the parties, a question of fact was presented for the determination of the jury, as to whether or not the plaintiff had suffered any damages and whether the negligence of the defendant wes responsible therefor. The jury returned a general verdict in favor of the plaintiff, and we are of the opinion that there was ample evidence tending to support the verdict.

The rule is well established in this jurisdiction that, in a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. Norris v. Hibler, 83 Okla. 197, 201 Pac. 495; Sand Springs Railway Co. v. Smith, 84 Okla. 211, 203 Pac. 207; People's National Bank of Kingfisher v. Rickords, 85 Okla. 9, 204 Pac. 130; Lawton Refining Co. v. Hollister, 86 Okla. 13, 205 Pac. 506.

Plaintiff in error next contends that the trial court erred in refusing to give the jury the following instruction requested by the defendant:

"You are instructed that from the evidence in this case plaintiff has suffered no permanent injury or damage to his land as claimed in petition, on account of the fact that the source, if any, of damages has been abated and said plaintiff would only be entitled to the impaired or lost use of his land up to the time of the commencement of this action."

In support of this contention, plaintiff in error calls attention to the fact that the tanks of the defendant were never permitted to overflow but one time, and that the source of damages, if any, suffered by the plaintiff was abated and had been abated and never occurred but the one time alleged in the plaintiff's petition.

It is further contended that, this being true, the requested instruction should have been given by the trial court, following this court in the case of City of Cushing v. High, 73 Oklahoma, 175 Pac. 229, wherein the court says:

"In this jurisdiction it well settled that where the injury complained of is susceptible of remedy or abatement by the expenditure of money or labor, the owner is entitled to recover only such damages as have accrued on account of the impaired or lost use of his property up to the time of the suit."

Counsel also cite the case of Ponca Refining Co. v. Smith, 73 Oklahoma, 174 Pac. 268, wherein this court used the following language:

"For negligent injuries to realty which result from a cause susceptible of remedy or abatement, the owner is entitled to recover therefor only such damage as had accrued on account of the impaired or lost use of his property up to the time of the commencement of his action."

We have carefully examined these cases and admit that the rules therein announced are correct as applied to the facts in those cases, but the facts in the case at bar are so dissimilar from the facts in those cases that the rules therein announced are not applicable to the instant case. The case of Ponca Refining Co. v. Smith, supra, was a suit for damages caused by the refinery allowing hot water, refuse, and crude oil to run into a creek which drained Smith's land and thereby contaminated the water so it was unfit for stock water. The injury in that case, or the contamination of the water, would cease soon after the abatement of the cause, or the discharge of the hot water and refuse, as this would flow on down the creek and unpolluted water would flow in to replace it.

In the case of City of Cushing v. High, supra, the cause of action was based on the pollution of a stream by sewerage from the city of Cushing to such an extent that the water in the stream was rendered unsuitable for stock purposes. In each of these cases, cited by counsel for plaintiff in error, the abatement of the cause of the injury, and the injury itself, was possible, and the injury was not of a permanent nature.

In the case at bar, the injury is the result of the land being permeated with the oil, which, under the theory of the plaintiff, and under the finding of the jury, rendered the same unfit for agricultural purposes and the same was not capable of being abated.

It will be observed from an examination of the case of City of Cushing v. High, supra, it was held that if the injury, "not the source of injury," was abatable, then the plaintiff would only be entitled to damages that had accrued at the time the suit was brought. We may admit that the source of injury in this case, or the overflowing of the tanks of the defendant, had been abated, but, in order to come within the rule announced, and the cases cited by plaintiff in error, it must appear that the injury is either abated or capable of being abated.

Under the rule, as we understand it, the injury complained of, and not the source of the injury, must be susceptible of remedy or abatement in order to make the requested instruction of plaintiff in error applicable. We think the trial court properly refused to give said instruction, as the same is not applicable to the facts herein. Upon the proposition of damages, the trial court gave the following instruction, which we think correctly stated the law applicable to the facts herein:

. "Should your verdict be for the plaintiff in this case you are instructed that as to the alfalfa land the measure of his damages, if any, would be the difference in the value of the land, immediately before the oil flowed on the land and the value of the land after the oil had flowed in and upon the land."

For reversal, it is next contended that the court erred in permitting the attorney for the plaintiff to withdraw certain admissions made to the court and jury. An examination of the record discloses that the admission complained of was made in answer to a question of the court. That portion of the record pertaining thereto is as follows:

"By the Court: As I understand you, you are not claiming any damages by reason of permanent injury to the land nor are not claiming any injury to the stock water.

"By Mr. St. Clair (attorney for defendant in error): No, sir.

"By the Court: But you are claiming injury to the trees.

"By Mr. St. Clair: Yes, sir.

"By the Court: If you have abandoned your stock water proposition and your permanent injury to the land, all you have left is the trees.

"By Mr. St. Clair: We don't want to say we have abandoned the injury to the land. The crop is part of the land. The alfalfa is part of the land.

"By the Court: The rule in our state is well established as to the measure of damages. You should know just what you are going to rely on so they will know how to prepare for the defense. They were preparing for a suit to recover permanent injury to the land. If there is no permanent injury to the land, I think you would be estopped in this action. If the statute of limitations hasn't run, you might file a new suit.

"By Mr. St. Clair: Well, I want to go with the theory of the petition.

"By the Court: Go ahead.

"By Mr. St. Clair (interrogating defendant in error): Q. I will ask you whether or not in your opinion the land, four acres, of land, or five acres, which you have testified as having been affected the first year, whether that is permanently injured for the raising of crops, alfalfa?

"By Mr. Bowles (attorney for plaintiff in error): Objected to as incompetent, irrelevant and immaterial, and contradicts

the admission made in open court in this case.

"By the Court: I think he would be entitled to strike that statement from the record if he desired to.

"By Mr. St. Clair: I will ask at this time to strike that statement.

"By the Court: All right.

"By Mr. Bowles: We object to the permission given by the court, allowing the plaintiff to strike his admission.

"By the Court: Overruled, exception allowed."

Counsel for plaintiff in error cite the case of Prestwood v. Watson, 111 Ala. 604, 20 South. 600, wherein the court says:

"When they (admissions of counsel) are made deliberately and intelligently, in the presence of the court and reduced to writing, they are of the best species of evidence, and parties cannot be permitted to retract them, as they are not permitted at pleasure to retract admissions of fact, made in any form. If they are made improvidently and by mistake, and the improvidence and mistake be clearly shown, the court has a discretion to relieve from their consequences; a discretion which should be exercised sparingly and cautiously."

Respecting admissions of attorneys of record, it is said in Greenleaf on Evidence (16th Ed.) vol. 1, par. 186, that:

"Such admissions are binding, 'in all matters relating to the progress of the trial of the cause; but, to this end, they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases, they are generally conclusive.' "

And in section 205:

"Judicial admissions, or those made in court by the party's attorney, generally appear either of record, as in the pleading, or in the solemn admission of the attorney, made for the purpose of being used as a substitute for the regular legal evidence of the fact as the trial."

In the case of Oklahoma Moline Plow Co. v. Smith, 41 Okla. 498, 139 Pac. 285, this court in construing a purported admission in a pleading used the following language:

"An admission in a pleading, to be available, must be taken with all the qualifying clauses and limitations which the pleader has included in it, and all the facts alleged in connection therewith. The whole of the statement must be construed together, and

where facts are alleged in connection with an admission which nullify it, its effect as an admission is destroyed. In other words, an admission in a pleading of one's adversary must be taken as an entirety, and one who seeks to use such an admission must take it cum onere. Clark v. Missouri, K. & T. Ry. Co. 179 Mo. 66, 77 S. W. 882; Young v. Katz, 22 App. Div. 542, 48 N. Y. Supp. 187; Barrie v. Schmidt et al., 25 Misc. Rep. 753, 55 N. Y. Supp. 703; Upton v. S. C. & G. E. R. Co., 128 N. C. 173, 28 S. E. 736."

Although the record in the case at bar does disclose that the attorney for the plaintiff, when asked by the court if he was claiming any damages by reason of permanent injury to the land or to the stock water, answered in the negative, yet, under the rule announced in the cases above cited, we cannot examine the whole statement of the attorney and conclude that the same was deliberately and intentionally made for the purpose of being used as a substitute for regular legal evidence, or for the purpose of waiving any of the allegations of the plaintiff's petition.

From a full examination of all the statements made in reply to the question from the court, it is apparent that said admission was made improvidently and by mistake, and we are of the opinion that the court properly permitted counsel to withdraw the same.

From an examination of the entire record in this case, we are of the opinion that no reversible error appears therein, and that the judgment of the trial court should be affirmed. It is so ordered.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.