2016 OK CIV APP 82

**Orlando R. FERNANDEZ,**
**Plaintiff/Appellee,**

v.

**STATE of Oklahoma ex rel., Department of Public Safety, Defendant/Appellant.**

**Case Number: 114304**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 07/29/2016

Mandate Issued: 12/30/2016

Jeff Eulberg, EULBERG LAW OFFICE, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellee,

Joanne Bryant Horn, Assistant General Counsel, DEPARTMENT OF PUBLIC SAFETY, Oklahoma City, Oklahoma, for Defendant/Appellant.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Defendant/Appellant, the State of Oklahoma *ex rel.* Department of Public Safety (DPS), appeals from the trial court's order sustaining the driver's license revocation appeal of Plaintiff/Appellee, Orlando Fernandez (Fernandez), and reinstating Fernandez's driving privileges. The trial court held DPS violated Fernandez's right to a speedy trial pursuant to the factors set forth in *Pierce v. State ex rel. Dep't. of Pub. Safety*, 2014 OK 37, 327 P.3d 530. We affirm.

¶2 On April 4, 2014, Fernandez was stopped and arrested by an Oklahoma City Police Officer for driving under the influence. On April 15, 2014, Fernandez filed a request with DPS for an administrative hearing regarding the revocation of his driver's license. On April 28, 2015, DPS notified Fernandez that his hearing would take place on June 4, 2015. An administrative hearing was conducted by DPS on June 4, 2015, at which the hearing examiner sustained the revocation of Fernandez's license.

¶3 Fernandez timely appealed the decision of the hearing examiner to the District Court of Oklahoma County. At the trial *de novo*, the parties stipulated to all facts necessary for DPS to make a *prima facie* case of driving under the influence, except as to the timeliness of the administrative hearing. Specifically, Fernandez asserted DPS violated his constitutional right to a speedy trial by delaying the administrative hearing for nearly 14 months after Fernandez first made his request for such a hearing. The trial court analyzed the facts of this case pursuant to the factors set forth in *Pierce*, sustained Fernandez's appeal and ordered his driving privileges reinstated. From said judgment, DPS appeals.

¶4 In *Pierce*, the plaintiff was arrested for driving while intoxicated. "The following day, on November 1, 2010, Pierce filed a timely request for an administrative hearing to contest revocation of his driver's license." *Pierce*, 2014 OK 37 at ¶3, 327 P.3d 530, *citing* 47 O.S. 2011 754(D). Although the arresting officer was called to active duty military service in April 2011, he was available to testify for approximately eight months after Pierce requested a hearing. Nevertheless, the administrative hearing requested by Pierce on November 1, 2010, did not take place until June 8, 2012—some 19 months and 7 days later.

¶5 The *Pierce* Court reiterated, "Whether an individual's procedural due process rights have been violated is a question of constitutional fact which is reviewed *de novo*." *Id.* at ¶7. The Court further stated:

> The right to a speedy and certain remedy without delay, in a civil proceeding, is one of the rights enjoyed by Oklahoma citizens, including drivers having a recognized property interest in the license that allows them to travel freely through the utiliza-

tion of an automotive vehicle. In determining whether Pierce suffered a deprivation of that right in this civil proceeding, we consider four factors: 1) the length of the delay; 2) the reason for the delay; 3) the party's assertion of the right; and 4) the prejudice to the party occasioned by the delay.

*Id.* at ¶8 (footnotes omitted). This standard must be applied to the particular, unique facts of each case to determine whether a speedy trial violation has occurred. *Id.* at ¶24.

¶6 In concluding that Pierce was denied his right to a speedy trial guaranteed by Okla. Const. art. 2, 6, the Supreme Court first cited the considerable length of time it took DPS to schedule the administrative hearing, especially in light of the arresting officer's ability to testify for eight months following Pierce's request for a hearing. The Court also noted the delay rested entirely with DPS. *Id.* at ¶13. "Such a delay weighs heavily against the governmental entity responsible for the same." *Id.* at ¶15. The Court next determined Pierce properly asserted his right to a speedy trial. *Id.* at ¶¶17–19. Finally, the Court held that Pierce's prolonged wait for a determination of "the potential loss of a property interest is sufficient to meet" the fourth prong of the speedy trial deprivation test. *Id.* at ¶¶21–22.[1]

¶7 In the present case, Fernandez was forced to wait nearly fourteen (14) months from the time he first requested an administrative hearing until one was finally conducted.[2] Unlike in *Pierce*, where the delay was an intentional choice based upon the eventual absence of a witness, the delay here is claimed to be the "involuntary" backlog of cases at DPS. However, the same argument

---

1. In the recent case of *Ryan v. Commissioner of the Dep't of Pub. Safety*, 2016 OK CIV APP ——, *cert. denied* June 28, 2016, this Court held a delay of eleven months and fifteen days between the time the driver requested a hearing and the date his hearing was held constituted a deprivation of the driver's right to a speedy trial pursuant to *Pierce*.

2. In *Pierce*, the plaintiff's request for a hearing filed the day after his arrest was deemed "timely" by the Supreme Court and that date was used to calculate the delay in conducting an adminis-

trative hearing. The statute governing the *Pierce* request for an administrative hearing and cited by the Supreme Court therein, 47 O.S. 2011 754(D), is the same statute applicable to the facts of this case. On this basis, we hold April 15, 2014, is the appropriate start date for calculating the delay occasioned here. *Cf. In re Initiative Petition No. 406*, 2016 OK 34, 369 P.3d 1068 (this Court, as an inferior tribunal, must follow the law as previously construed by the Oklahoma Supreme Court).

was rejected in *Pierce* as "unconvincing." *Pierce*, at 11–12. Nonetheless, Fernandez was responsible for none of the delay. *See Pierce*, at 22 ("no element of [the delay] was under the control of the driver"). Fernandez asked for a hearing within eleven (11) days of his arrest and timely asserted his right to a speedy trial. Finally, like the plaintiff in *Pierce*, Fernandez suffered some prejudice because the state of his driving privileges "remained in limbo" for an inordinate period of time. *Id.* at ¶ 20.

¶ 8 The Supreme Court of Oklahoma "has determined that a person's claim to a driver's license is indeed a protected property interest entitled to application of due process standards." *Pierce*, at 18. The Court has also acknowledged "the interest of the states in depriving drunk drivers of permission to continue operating an automobile is particularly strong." *Id.* As the trial court in this case recognized, DPS must find a more efficient way to deep drunk drivers off the road.

¶ 9 On the basis of the foregoing, upon *de novo* review and pursuant to the dictates of *Pierce*, we hold Fernandez's right to a speedy trial was violated by the nearly fourteen (14) month delay in conducting his administrative hearing. Accordingly, the judgment of the trial court is affirmed.

¶ 10 AFFIRMED.

HETHERINGTON, J., concurring and writing separately:

¶ 1 While I concur, I am required to do so by my understanding of *Pierce v. State ex rel. Dept. of Public Safety*, 2014 OK 37, 327 P.3d 530.

¶ 2 The *Pierce* Court citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Mothershed*, 2011 OK 84, ¶ 64, 264 P.3d 1197; and *Flandermeyer v. Bonner*, 2006 OK 87, 152 P.3d 195, once again recognized that a licensed driver cited in a civil proceeding has a right to a "speedy and certain remedy without delay," and in determining whether or not a licensed driver has suffered a deprivation of that right in a civil proceeding such as this, we consider four factors: 1) the length of the delay; 2) the

reason for the delay; 3) the party's assertion of the right; and 4) the prejudice to the party occasioned by the delay. *Pierce* 8.

¶ 3 As I wrote in *Ryan v. Commissioner of the Dept. of Public Safety*, 2016 OK CIV APP ——, *cert. denied* June 28, 2016, "... the *Pierce* Court focused on the eight month period within which the hearing could have been held and was intentionally delayed. The Court's dicta discussed motive for delay when it said, '[T]he ultimate responsibility for the delay was the Department's deliberate action in postponing the cause. Such a delay weighs heavily against the governmental entity responsible for the same.' " *Pierce* 15. However, in *Ryan*, there was no evidence of any reason for the delay, particularly no evidence of deliberate action by DPS which motivated delay. But there was credible "direct" evidence of actual prejudice to Mr. Ryan in the change in and limitations to his employment and the mere fact the arresting officer's memory at the time of the hearing as to the facts of the case was faulty, all due to the time delay.

¶ 4 *Pierce* also holds: "d) Undoubtedly, the driver suffered some prejudice simply because the state of his driving privileges, though not revoked, remained in limbo for almost two years." In the body of the opinion *Pierce* finds: "Although this may not be the most clear case of delay causing prejudice, under the facts presented, the potential loss of a property interest is sufficient to meet this prong of the four-part test of deprivation of the right to a speedy trial." *Pierce*, at 21. So as I read *Pierce*, the Court seems to say the mere limbo status of the driving privilege "for almost two years" is enough to satisfy the fourth criteria and no "direct" evidence of actual prejudice is required.

¶ 5 So thus my legal limbo, and I suspect that of trial judges having to hear and determine these cases. *Pierce* clearly ties prejudice to the time of the delay causing prejudice. Yet in the conclusion, the Court states: "Delay without motive **may** be insufficient to demonstrate a deprivation of due process. However, in and of itself, delay can result in a due process denial." *Pierce*, at 23 (emphasis added). Absent motive, how long is too long we do not know.

¶6 Thus, in cases where there is delay with no evidence of motive, I feel actual direct evidence of prejudice as in *Ryan* should be required. Under *Pierce*, this is not the status of controlling precedent in these DPS appeals.

¶7 I therefore **concur.**

JOPLIN, J., dissenting:

¶1 I respectfully disagree. I believe the majority has incorrectly applied the four factors balancing test in *Pierce v. State ex rel. Dep't. of Pub. Safety*, 2014 OK 37, 327 P.3d 530. Unlike in *Pierce*, there is no evidence in the present case of an intentional delay by DPS, nor a motive to delay, which resulted in real prejudice to Appellee. Absent a finding of intentional delay *or* actual prejudice, a holding that Appellee's right to a speedy trial was violated actually fails the test required by *Pierce* in order to affirm the trial court. Therefore, I dissent.