WEATHERS v. STATE ex rel. DEPT. OF PUBLIC SAFETY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WEATHERS v. STATE ex rel. DEPT. OF PUBLIC SAFETY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WEATHERS v. STATE ex rel. DEPT. OF PUBLIC SAFETY
2018 OK CIV APP 70
Case Number: 116995
Decided: 10/30/2018
Mandate Issued: 11/28/2018
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2018 OK CIV APP 70, __ P.3d __

 

MARK WEATHERS, Petitioner/Appellee,
v.
THE STATE OF OKLAHOMA ex rel. DEPARTMENT OF PUBLIC SAFETY, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE APRIL SEIBERT, TRIAL JUDGE

REVERSED

E. Zach Smith, Tulsa, Oklahoma, for Petitioner/Appellee

Mark Edward Bright, ASSISTANT GENERAL COUNSEL, OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Oklahoma City, Oklahoma, for Respondent/Appellant

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 Following an administrative hearing, the State of Oklahoma ex rel. Department of Public Safety (the Department) entered an order revoking for one year the driving privileges of Mark Weathers. Weathers then sought review in the district court. The district court found Weathers' constitutional right to a speedy trial was violated, and therefore entered an order setting aside the Department's order. Based on our review, we reverse the district court's order setting aside the order of revocation.

¶2 The Oklahoma Constitution provides that "[t]he courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice." Okla. Const. art. 2, § 6. The Oklahoma Supreme Court has explained that "[t]he right to a speedy and certain remedy without delay, in a civil proceeding, is one of the rights enjoyed by Oklahoma citizens, including drivers having a recognized property interest in the license that allows them to travel freely through the utilization of an automotive vehicle." Pierce v. State ex rel. Dep't of Pub. Safety, 2014 OK 37, ¶ 8, 327 P.3d 530 (footnotes omitted). Thus, in Pierce, and "under the unique facts presented" in that case involving, among other things, a total of twenty months of delay by the Department "in scheduling a revocation proceeding," including intentional dilatory conduct on the part of the Department to prevent the driver in question from being heard on the merits prior to his deployment "to serve his country," the Supreme Court concluded the driver's right to a speedy trial in that case was violated. Id. ¶¶ 2, 9-11.

¶3 Similarly, in Nichols v. State ex. rel. Department of Public Safety, 2017 OK 20, 392 P.3d 692, the driver in question first requested an administrative hearing on May 20, 2013, but, as a result of delay on the part of the Department, the hearing was not held until September of the following year. The Supreme Court explained that the Department "ha[d] no sound basis for its delay," and also explained that "the correct date from which to calculate" the driver's "right to a speedy trial [argument is] . . . from his first request for a hearing." Nichols, ¶ 12.

¶4 In the present case, by contrast, Weathers, who was arrested on September 8, 2017, requested an administrative hearing on September 14, 2017, and the hearing was held just two-and-a-half months later, on November 29, 2017. The hearing was originally scheduled to occur on November 2, 2017, within sixty days of Weathers' request, but was rescheduled to later that same month as a result of a witness -- i.e., the arresting officer who authored the accident report relevant to the revocation of Weathers' driver's license -- being on duty and responding to an emergency call at the time the hearing was originally scheduled to occur. As stated by the district court at the trial de novo hearing,

clearly something happened in this scenario with [the highway patrol officer] where he was responding to an accident [i.e., at the time the hearing was originally scheduled to occur]. I don't know much about that accident [i.e., that the officer was responding to], other than the fact that his lights and sirens are going. And I can presume that from that that he was traveling as it was an emergency. I understand that that is an extenuating circumstance.

¶5 However, the district court expressed concern at the hearing that the date of the original hearing was scheduled "52 days out," which rendered it impracticable to reschedule the hearing, when it became necessary to do so, to a date "within the 60-day period" delineated in Nichols, discussed below. The district court was also concerned that the hearing "could have been heard within at least 20 days" of the originally scheduled hearing date "if [the Department was] following [its] own notice requirements," but the hearing was instead rescheduled for November 29, a date which landed 27 days after the originally scheduled hearing date.

¶6 Thus, in the district court's order from which the Department now appeals, the district court set aside the order of revocation. Although the precise basis of the district court's determination is not set forth in its order, the parties agree in their appellate briefs, and the transcript of the hearing below reveals, that the district court based its decision on a finding of a violation of Weathers' constitutional right to a speedy trial.[1] "[C]onstitutional issues are reviewed de novo, requiring an independent, non-deferential re-examination[.]" Nichols, ¶ 10.

¶7 The 60-day period to which the district court referred at the hearing is a reference to the time frame set forth by the Oklahoma Supreme Court in Nichols. In Nichols, the Court stated that, in addition to other time parameters, "if the driver requests a hearing, the proceeding should be held within sixty (60) days of the Department's receipt of notice." Nichols, ¶ 29. However, the Nichols Court clarified that this timeline was intended as "some guidance to the Department to assist it in determining a time frame in which it can avoid being subject to claims of violating the constitutional right to a speedy jury trial," and stated further that "[i]t is also impossible for strict rules to exist which will govern the issue in all causes, as facts will vary largely." Id. ¶ 28 (emphasis added). The Nichols Court stated that, "[w]here these time frames are followed," any delay which is the result of extenuating circumstances "should not be found to weigh against the Department." Id. ¶ 29.

¶8 In the present case, it appears that the Department followed the guidance set forth in Nichols. The hearing was scheduled within 60 days of the request for a hearing, and it was rescheduled to a date later that same month (i.e., from November 2 to November 29, as set forth above) only as a result of extenuating circumstances.

¶9 Moreover, even assuming the time frame set forth in Nichols was not adhered to strictly in the present case, it is clear that the Nichols Court did not intend for the breach of its guidelines to result in automatic findings of constitutional violations. Instead, the Nichols Court reaffirmed the applicability of the factors set forth in Pierce, stating: "Pierce is determinative of . . . the factors used to determine whether the State has met its burden to provide a speedy trial." Nichols, ¶ 9.

¶10 In Pierce, the Supreme Court set out a four-factor test to determine whether the Department has violated a driver's constitutional right to a speedy trial: "1) the length of the delay; 2) the reason for the delay; 3) the party's assertion of the right; and 4) the prejudice to the party occasioned by the delay." 2014 OK 37, ¶ 8 (footnote omitted). Application of these factors to the circumstances of this case, especially when compared with the application of these factors by the Oklahoma Supreme Court to the circumstances presented in Pierce and Nichols, shows that a violation of Weathers' constitutional right to a speedy trial did not occur. See also Fernandez v. State, 2016 OK CIV APP 82, ¶ 9, 389 P.3d 393 (The right to a speedy trial was found to be violated "by the nearly fourteen (14) month delay in conducting [the driver's] administrative hearing."); Ryan v. Comm'r of the Dep't of Pub. Safety, 2016 OK CIV APP 49, ¶¶ 9-10, 377 P.3d 1255 (A ten-month delay "was not minimal and the evidence does not support a reasonable reason for the delay that did result in prejudice to [the driver]"; thus, a violation of the right to a speedy trial occurred.). Among other things, the length of delay in the present case was relatively minimal -- just 27 days after the originally scheduled hearing date, which in turn was scheduled within 60 days of Weathers' request -- and the cause of the delay was not the fault of the Department.

¶11 For these reasons, we conclude Weathers' right to a speedy trial was not violated in this case. Consequently, we reverse the district court's order setting aside the order of revocation.

¶12 REVERSED.

RAPP, J., and GOODMAN, J., concur.

FOOTNOTES

[1] Although Weathers appears to have set forth additional bases in his "Appeal Petition" filed in the district court, including a due process argument based on the brevity of the administrative hearing, these additional bases are not discussed in the parties' appellate briefs, nor were they pursued at the district court hearing. We also note that Weathers did not file a response to the petition in error on appeal. See Okla. Sup. Ct. R. 1.25(c), 12 O.S. Supp. 2013, ch. 15, app. 1.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2016 OK CIV APP 49, 377 P.3d 1255, RYAN v. COMMISSIONER OF THE DEPT. OF PUBLIC SAFETY
Discussed
 2016 OK CIV APP 82, 389 P.3d 393, FERNANDEZ v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2014 OK 37, 327 P.3d 530, PIERCE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 2017 OK 20, 392 P.3d 692, NICHOLS v. STATE ex. rel. DEPT. OF PUBLIC SAFETY
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA